IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wayne Wells, Jr., #314139,<br><br>        Petitioner,<br><br>vs.<br><br>Terrie Wallace,<br><br>        Respondent. | C/A No.: 2:19-1284-JFA-MGB<br><br><br>**ORDER** |

## I. INTRODUCTION

Wayne Wells ("Petitioner"), a *pro se* state prisoner, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). On July 18, 2019, Warden Terrie Wallace ("Respondent") filed a Motion for Summary Judgment along with a return to the petition and memorandum of law in support. (ECF Nos. 13 & 14). The court advised Petitioner of the summary judgment procedure and the possible consequences if he failed to respond via an order issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) on the following day. (ECF No. 15). Petitioner filed a response on August 13, 2019, to which Respondent filed a reply on August 20, 2019. (ECF Nos. 17 & 18). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this matter was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this court should grant Respondent's Motion for Summary Judgment and dismiss the petition with prejudice. (ECF No. 19). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate Judge, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Petitioner was advised of his right to object to the Report, which was entered on the docket on August 29, 2019. (ECF No. 19). Petitioner filed objections to the Report on September 16, 2019[2] ("Objections"). (ECF No. 22). Respondent replied to the Objections

---

[2] *Houston v. Lack*, 487 U.S. 266, 271 (1988) (holding *pro se* prisoner's pleading is deemed filed at moment of delivery to prison authorities for forwarding to district court).

3

on October 4, 2019. (ECF No. 24). Petitioner also submitted what appears to be a second response or "sur-reply" to the motion for summary judgment after the Report was issued. (ECF No. 21). As sur-replies are not authorized by this court's Local Rules and this submission is otherwise untimely, this submission will not be considered. Additionally, Respondent argues that Petitioner's Objections are untimely as they were due by September 15, 2019. Despite this contention, Respondent will suffer no prejudice by this court's review of these objections as they were only submitted one day after the deadline and they do not ultimately affect the outcome below.[3] Petitioner also filed a "Response to Reply to Objections to the Report and Recommendation." (ECF No. 25). Because a response to replies to Reports and Recommendations are not authorized by the Local Rules, this document will not be considered.[4] Thus, this matter is ripe for review.

## II. LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient

---

[3] This is especially true as Petitioner asserts that any untimely delay in the filing date was caused by the State of Emergency declared during Hurricane Dorian that mandated an evacuation of Charleston County. (ECF No. 25 p. 2).
[4] This court would note that even if it chose to consider these additional arguments, the outcome of this order would not change because these arguments are a mere rehashing of all arguments previously asserted.

evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). All inferences must be viewed in a light most favorable to the non-moving party, but he "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## III. DISCUSSION

Although this court incorporates the factual background discussed in the Report, a brief recitation of the relevant facts is necessary to properly address Petitioner's Objections. Petitioner was indicted for second-degree criminal sexual conduct with a minor and he went to trial in November 2010. The victim testified that when she first met Petitioner, she told him she was eighteen. The next time they met, however, he asked her if she was fifteen, as one of her friends had told him that. She admitted that was her real age; a couple of hours later, they had sex. Over the summer, they had sex several more times. Each time, he came over to her house after midnight, climbing through her bedroom window.

Petitioner testified in his defense. He told the jury the victim said she was eighteen and never told him anything different. He did not know she actually was fifteen until her stepfather found him in the house and confronted him. Had Petitioner known her true age,

5

he would not have had a sexual relationship with her. As he had done in his opening statement, Petitioner's trial counsel argued in closing that the victim lied to Petitioner about her age, causing him to mistakenly think she was eighteen.

After the jury began deliberations in Petitioner's criminal trial, they sent out the following questions: "If the defendant truly believed the victim was eighteen, does that matter and/or is ignorance of her age no excuse?" The trial court answered, "No, and ignorance is no excuse." Trial counsel did not object to the court's answer. It is this judge's response to the jury's questions along his counsel's failure to object that form the basis of the two grounds for relief asserted in Petitioner's habeas petition.

Petitioner's habeas petition raises the following two issues:

**Ground One**: Trial Counsel was ineffective when [he] failed to object to Trial Court['s] erroneous instruction pertaining to Applicant's knowledge of victim's age to jury's question[.]

**Supporting Facts**: The answers to the jury's question by the Court were an invasion of the province of the jury [] which remove[d] critical material facts from the consideration and violated the applicant's constitutional right to a fair and impartial trial by his peers. In the light Trial Counsel failure to object and make Court aware that if the jury reasonably believe that the applicant proved by the preponderance of the evidence that he believe the victim to be 18 years age was ultimately the jurors['] discretion and must be left free for their consideration only.

**Ground Two**: Trial Judge['s] answers to jury questions violated Applicant['s] due process rights to a fair and impartial trial of his peers.

**Supporting Facts**: Trial Court['s] answers to the jury's question did not allow[] the jury to consider the Applicant's defense and it remove[d] critical material facts from the jury['s] consideration. Criminal statutes are presumed to require a *mens rea* clause and some congressional intent, express or implied, is required to dispense with *mens rea* as an element of a crime.

(ECF No. 1 p. 5,6-7).

As to Ground One, the Magistrate Judge concluded that Plaintiff's trial counsel was not ineffective when he failed to object to the trial judge's response to the questions from the jury during deliberations. In response, Petitioner claims that "trial counsel's understanding of the law was wrong if he thought that the trial judge's answers to the jury's questions were correct statements of law." (ECF No. 22 p. 2).[5] In support of this contention, Petitioner cites to the Model Penal Code for the proposition that statutory rape is not a strict liability crime. He maintains that "whatever is done under a mistaken impression of material fact is excused or provides grounds for relief" and the trial court's instructions to the contrary is clearly erroneous. (ECF No. 22 p. 7). Thus, his counsel's failure to object amounts to ineffective assistance of counsel.

Despite Petitioner's objections, the Model Penal Code has no bearing on this matter. The South Carolina statute at issue, S.C. Code Ann. § 16-3-655(B)(2), does not include mistake-of-age as a defense. Moreover, the version of the statute in effect at the time of the incident in question is a version wherein the General Assembly removed a previously included mistake-of-age defense. (ECF No. 19 p. 9–10). Therefore, the Magistrate Judge correctly opined that Petitioner has failed to show his trial counsel's understanding of the law was not reasonable. Petitioner's objections fail to identify any specific legal authority supporting his contention that a mistake-of-age was a viable defense to the South Carolina

---

[5] Initially, this argument appears to be a mere disagreement with the Magistrate Judge's conclusion supported by a rehashing of the same arguments previously presented to the court in Petitioner's initial petition and in response to the motion for summary judgement.

criminal statute under which he was convicted in 2009. Accordingly, this claim must be denied.

As to Ground Two, the Magistrate Judge concluded that the trial judge's response to the jury's questions were correct because the South Carolina statute at issue has no explicit intent element. The statue, S.C. Code Ann. § 16-3-655(B)(2), states in relevant part:

> A person is guilty of criminal sexual conduct with a minor in the second degree if:
> . . . .
> (2) the actor engages in sexual battery with a victim who is at least fourteen years of age but who is less than sixteen years of age and the actor is in a position of familial, custodial, or official authority to coerce the victim to submit or is older than the victim. However, a person may not be convicted of a violation of the provisions of this item if he is eighteen years of age or less when he engages in consensual sexual conduct with another person who is at least fourteen years of age.

The trial judge instructed the jury that:

> The State must prove, beyond a reasonable doubt, that the victim was at least fourteen years old and less than sixteen years old at the time of the sexual battery. The State must also prove that the defendant was older than the victim at the time of the sexual battery. Consent, willingness, or indifference, or ignorance on the part of the minor, if any, as to what was taking place does not affect, in any way, the charge of criminal sexual conduct with a minor because an unmarried woman under the age of sixteen cannot legally consent to sexual intercourse with anyone over the age of eighteen.

Petitioner argues that the Report "clearly indicated that the State did not read the statute as a whole, or give full effect to each section, nor did the State read the Petitioner as 'ejusdem generis' or treated him similar to the three groups that the statute specifically enumerated." (ECF No. 22 p. 12–13). This is the same argument previously asserted by

8

Petitioner and specifically addressed in the Report. In response to this argument, the Magistrate Judge correctly opined that

> [Petitioner's] argument overlooks that the State can prove the element two ways: (1) by showing the defendant was in one of the enumerated positions of authority, *or* (2) by showing the defendant was older than the victim. *See In re Clinton P.*, No. 2005-UP-220, 2005 WL 7083861, at *2 (S.C. Ct. App. Mar. 24, 2005) (stating the statute "requires either" of those things). Wells' indictment alleged only the second option; following suit, the trial court charged the jury only on that option. (Dkt. No. 13-1 at 197, 342.) Unlike the first option, the second option does not have "to coerce" or any other language that might suggest intent; chronology is the only criterion. Because Wells was indicted and convicted under that second option, the Court need not determine whether intent must be shown to satisfy the first option.

(ECF No. 19 p. 13).

Accordingly, Petitioner has failed to provide any proof that intent is an element of his offense of conviction. Accordingly, Petitioner has failed to show any error in the trial court judge's answers to the contrary, let alone that his Constitutional rights were violated as a result.

Additionally, to the extent that Petitioner asserts any new claims for relief not included in his original petition, including the argument the Petitioner faults trial counsel for not objecting to a portion of the trial court's jury charge, those arguments were not addressed by the Magistrate Judge and are likewise not addressed here. Habeas petitioners cannot assert new claims for the first time in response to summary judgment motions. *Neumon v. Cartledge*, No. 8:14-cv-2556-RMG, 2015 WL 4607732, at *9 (D.S.C. July 31, 2015).

None of Petitioner's attempted objections point to any errors in the Report. Petitioner continuously reasserts the same arguments from his initial petition and opposition to the summary judgment motion. Thus, Petitioner has not asserted any specific objections. "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). To the extent that any of Petitioner's arguments could constitute specific objections, they fail to indicate any errors within the Report as discussed above.

## IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation. (ECF No. 19). Thus, Respondent's Motion for Summary Judgment (ECF No. 14) is granted and Petitioner's habeas petition (ECF No. 1) is dismissed with prejudice.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[6]

---

[6] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*,

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

October 31, 2019  Joseph F. Anderson, Jr.
Columbia, South Carolina  United States District Judge

---

252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the Court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."